

**JOHN G. POWERS**
(315) 565-4547
jpowers@hancocklaw.com

May 4, 2022

**VIA ELECTRONIC FILING**

Hon. Andrew T. Baxter, Chief U.S. Magistrate Judge
James M. Hanley Federal Building
100 S Clinton St.
Syracuse, New York 13261

     Re:    *Hanks v. City of Syracuse, et al.*, Civil Action No.: 5:21-CV-00921 (GLS/ATB)

Dear Chief Judge Baxter,

     My office represents Defendants, Timothy Gay, Colin Hillman, William Kittell, Anthony Fiorini, David Metz, Shawn Hauck, Susan Izzo, Brandon Fougnier, and Ann Clark (collectively, the "Individual Defendants"). The Individual Defendants submit this letter in support of sealing the stenographic record of the telephone conference held on April 30, 2022. *See* Dkt. No. 64. In the recent call with the Court, it suggested based on the nature of the discussions that the transcript from the conference should be sealed. We agree.

     Second Circuit precedent establishes that the presumption of public access—whether it be common law or First Amendment access—exists on a continuum. *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); *accord Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). On the higher end is material that enjoys a strong presumption, including evidence that is introduced at trial or in connection with summary judgment. *See Brown*, 929 F.3d at 49. At the lower end is material that "lie[s] entirely beyond the presumption's reach," including documents exchanged by the parties during discovery and which are not filed on the docket. *Id.* at 49-50.

     The presumption to be afforded to filings submitted in connection with discovery disputes is low.[1] *Brown*, 929 F.3d at 50. Therefore, the stenographic record regarding discovery conferences unquestionably falls on the lower end of this continuum. *See id.*; *see, e.g. Taber v. Ford Motor Co. of Delaware*, No. 16-CV-162, 2018 WL 4575897, at *3 (W.D. Mo. Sept. 21, 2018) ("The Court recognizes that the documents, pleadings and transcripts identified by Ford are connected to discovery motions, and therefore, the presumption of public access is at its

---

[1] "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Brown*, 929 F.3d at 50 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). As a result, material related to discovery disputes is entitled to only a low presumption because the district court's authority to oversee discovery is ancillary to the court's core role in adjudicating a case. *See Brown*, 929 F.3d at 50.

weakest."); *cf. Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."). Nonetheless, when countervailing considerations are balanced against this low presumption, it is plain that that specific and substantial reasons exist for sealing of the stenographic record.

In the conference at issue, the parties and the Court discussed speculation regarding a preliminary, but ongoing, local law enforcement investigation. This included a discussion of unconfirmed, second-hand and third-hand information about the factual details giving rise to the investigation, the name of the individual that is being investigated for a felony-level offense, and the identities of those potential individuals who may have been victims of that offense. Even if this discussion was based on actual first-hand knowledge, it would be appropriate to seal the transcript of this discussion. *See, e.g., United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("Both the claims of law enforcement privilege and privacy are proper concerns for a trial court in performing the balancing test required to determine whether access should be allowed or denied.").

But here, Plaintiffs' counsel appeared at the conference armed with nothing more than their conjecture and supposition. As a result, the stenographic record (much like the original letter request) is replete with instances of immaterial, impertinent, and unnecessarily scandalous allegations levied against Defendants *and innocent third-parties*. The Supreme Court has recognized that every district "court has supervisory power over its own records and files" to ensure they "are not used to gratify private spite or promote public scandal"[2] or "serve as reservoirs of libelous statements[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). "This supervisory function is not only within a district court's power, but also among its *responsibilities*." *Brown*, 929 F.3d at 51 (emphasis added). Regardless of the motive of Plaintiffs' counsel in discussing unsubstantiated rumor as part of a federal court conference, the content of such innuendo does not in any way serve the public interest, which also weighs soundly in favor of sealing.

Finally, the Court conference also contained a hypothetical discussion of how a local law enforcement matter might be handled based on factual allegations that were later revealed to be inaccurate. While all the parties surely appreciate the good intentions behind the input, it was not

---

[2] *See for example:* Bella, Timothy, *A Black Officer Was A Rising Star. The Department's 'Jim Crow Culture' Destroyed His Career, Lawsuit Says,* Washington Post, *available at* https://www.washingtonpost.com/nation/2021/08/16/brandon-hanks-syracuse-police-lawsuit ("Jesse Ryder, Hanks's attorney, said his client's lawsuit . . . ."); Boryga, Andrew, *The Bizarre Beef Between a Viral Black Cop and His Bosses*, DAILY BEAST, *available at* https://www.thedailybeast.com/the-bizarre-beef-between-viral-cop-brandon-hanks-of-the-syracuse-police-department-and-his-bosses ("Jesse Ryder, Hanks' attorney, also told The Daily Beast . . . ."); Libonati, Chris, *Syracuse Police Officer Brandon Hanks: Why I Sued My Own Police Department*, SYRACUSE.COM, *available at* 2021 WLNR 27010672; Libonati, Chris, *Citing 'Jim Crow Culture,' Hanks Files Federal Suit, Adds Deputy Chief,* , SYRACUSE.COM, *available at* 2021 WL 26738737 ("On the steps of City Hall on Monday, Hanks' lawyers - Jesse Ryder and Charles Bonner . . . ."); NewsChannel9 WSYR Syracuse, *Syracuse Police Officer Brandon Hanks files lawsuit against Department*, YouTube *available at* https://www.youtube.com/watch?v=4_gyIvqzffY ("NewsChannel Nine's Adrienne Smith listened to Hanks and his attorneys . . . .")

brought about by any motion, actual or implied, and was not based on a reliable evidentiary record. This content too weighs in favor of sealing.

  Accordingly, the Individual Defendants respectfully request that the Court seal the stenographic record of the telephone conference held on April 30, 2022. *See* Dkt. No. 64.

       Respectfully submitted,

       HANCOCK ESTABROOK, LLP

       */s/ John G. Powers*
       John G. Powers

JGP/mld

{H4744506.4}