

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**BRIAN J. BUTLER**
butlerb@bsk.com
P: 315.218.8160

August 24, 2022

**VIA ELECTRONIC FILING**

Hon. Gary L. Sharpe
Senior U.S. District Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 112
Albany, NY 12207

Re:   *Hanks v. City of Syracuse, et al.,* 5:21-cv-00921 (GLS/ATB)

Dear Judge Sharpe:

We write on behalf of Defendants City of Syracuse (the "City"), former Chief Kenton Buckner, Deputy Chief Richard Trudell, Chief Joseph Cecile and Deputy Chief Derek McGork (collectively, the "Chief Defendants" and together with the City, the "Defendants"). Pursuant to the Court's Text Order (ECF Doc. No. 64) and N.D.N.Y. L.R. 5.3, we write to request that the Court seal portions of Exhibit D to the Declaration of Brian J. Butler ("Exhibit D") submitted in support of Defendants' Motion for Sanctions (the "Motion").

Pursuant to L.R. 5.3, "[a] party seeking to have a . . . document . . . sealed bears the burden of filing an application setting forth the reason(s) that the referenced material should be sealed under the governing legal standard." N.D.N.Y. L.R. 5.3(a) (citing *Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006)). Pursuant to the governing legal standard, "a presumption of public access attaches to any 'judicial document' defined as a document 'relevant to the performance of the judicial function and useful in the judicial process.'" *Chase v. Corr. Med. Care, Inc.*, C.A. No. 1:14-cv-0474 (DNH/TWD), 2015 WL 9308269, *1 (N.D.N.Y. Dec. 22, 2015) (citing *Lugosch*, 435 F.3d at 119). "If the presumption applies, a court must first determine the weight to be given the presumption based on the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citations, alterations, and internal quotations omitted). "It must then weigh the presumption against any countervailing interests, such as 'the privacy interest of those resisting disclosure,' 'judicial efficiency,' and 'the danger of impairing law enforcement.'" *Id.*

The limited portions of Exhibit D that Defendants seek to file seal satisfy this standard. Specifically, a protective order is necessary to protect the privacy interests of the parties and non-parties who have been the subject of contested and potentially libelous allegations by Plaintiff that have no bearing on the Court's determination of and ruling on the Motion.

Hon. Gary L. Sharpe
August 24, 2022
Page 2

Based on the foregoing, Defendants respectfully request the Court grant their Motion. Defendants are filing a redacted version of Exhibit D contemporaneously with this letter, and will send a non-redacted version of the same to chambers and to Plaintiff's counsel via email. A proposed order permitting Defendants to file the non-redacted version of Exhibit D under seal is attached hereto.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Brian J. Butler
BJB/lrm

cc: All Counsel, via ECF

14736377