# EXHIBIT B

# RYDER LAW FIRM
**6739 MYERS ROAD**
**EAST SYRACUSE, NEW YORK 13057**
ryderlawfirm@gmail.com
**Phone: 315-382-3617**
**Fax: 315-295-2502**

August 15, 2022

Brian Butler, Esq.
Bond, Schoeneck & King
One Lincoln Center
Syracuse, NY 13202

VIA EMAIL

      RE:    Hanks v. City of Syracuse, et al., 5:21-cv-0921-GLS-ATB

Dear Brian:

      I am writing to respond to your letter dated July 25, 2022 whereby you are demanding that Plaintiff's counsel file amended documents concerning Plaintiff's request for a protective order in or about April 2022. Your request that counsel file "declarations correcting the misrepresentations made in Plaintiff's submissions in support of the [protective order]" is confusing given that the Court affirmatively sealed the transcripts that otherwise reflected the exchange parties had at the April 29, 2022 telephone conference. The Court ruled that it was pertinent to place the transcripts under seal as any "efforts to exploit the record of the April 29 conference for other purposes would impair the efficient management of this case." Thus, the Court sealed the record of the 4/29/2022 conference. See, Dkt 69.

      Please correct me if I am wrong, but your request for counsel to file "declarations correcting the misrepresentations made in Plaintiff's submission…" would effectively respond to a sealed record and thus, be in violation of the Court's order. As you are well aware that mitigation is required prior to bringing a Rule 11 motion[1], please clarify what you are specifically requesting so that counsel will not be in violation of the Court's sealing order were counsel to comply with your request. Perhaps it would serve to have Magistrate Baxter's guidance as to how to proceed given

---

[1] The mitigation requirement ensures that Rule 11 sanctions "do not themselves create the hemorrhage of litigation that the rule was designed to stanch." *Hudson v. Moore Business Forms, Inc.* 898 F.2d 684, 687(9th Cir. 1990); *National Ass'n of Pharmaceutical Mfrs., Inc. v. Ayerst Laboratories, Div. of/and American Home Products Corp*, 1989 U.S.Dist.LEXIS 10460, at *8. (S.D.N.Y. Sep. 5, 1989).

that your request poses a risk that his Order could be violated. I would be happy to request a judicial conference for Court guidance.

As per your Rule 11 Motion, given the high bar that the Second Circuit has set for awarding sanctions, i.e. under "extraordinary circumstances," and given the facts and circumstances under which Plaintiff filed his motion for protective order, meeting the standard of 'objectively frivolous' could conceivably be difficult. Although Plaintiff acknowledges his oversight with respect to complying with the procedural requirements for filing a Motion for Protective Order, such oversight by no means infers that he filed an objectively frivolous motion. As counsel's oversight included a failure to attach Plaintiff's declaration attesting to the truth of his allegations, such oversight is readily remedied with Plaintiff's declaration on hand were he required to oppose your Rule 11 Motion. Such declaration will attest to counsel's objective reasonable inquiry and rationale for filing Plaintiff's Motion for protective order.

Again, were Plaintiff required to respond to your Rule 11 Motion, he would effectively be in violation of the Court's sealing order as his declaration would necessitate referring to factual assertions made during the April 29, 2022 conference which would be in direct violation of the Court's advisement that parties "avoid future disruptions of this litigation and efforts to exploit the record of the April 29 conference for other purposes."
As requested above, please provide details as to what you are specifically requesting from Plaintiff in order to forego filing your motion and whether you would consent to a request for judicial intervention to assist in addressing your concerns.

Respectfully,

*Jesse Ryder*

Jesse P. Ryder