# EXHIBIT C

# **RYDER LAW FIRM**

**6739 MYERS ROAD**
**EAST SYRACUSE, NEW YORK 13057**
ryderlawfirm@gmail.com
**Phone: 315-382-3617**
**Fax: 315-295-2502**

August 19, 2022

Brian Butler, Esq.
Bond, Schoeneck & King
One Lincoln Center
Syracuse, NY 13202

VIA EMAIL

      RE:    Hanks v. City of Syracuse, et al., 5:21-cv-0921-GLS-ATB

Dear Brian:

      As Mr. Hanks stated in his affidavit, he had been working the early morning hours of April 6, the day Ms. Hendrix discovered the listening device. Without knowing when the recording devise was placed in the office or how often the recording devise had been placed in the office and given the current ongoing litigation with the SPD, it was not unreasonable for Mr. Hanks to believe that conversations he had, in the evening of April 5 or the morning of April 6th were recorded. Additionally, it was reasonable to believe that the recording device that was discovered on April 6th could have been present on prior occasions when it was not discovered.

      Further, we had been informed that the person responsible for placing the phone in the office was currently or formerly represented by Bond, Schoeneck & King. Based on this relationship, a reasonable inference was that there could be a connection between the recording and the present litigation. However, based on the representations by Bond, Schoeneck & King, we withdraw any statements that stated directly or by inference that Bond, Schoeneck & King were responsible for the recording or had the recordings in their possession.

      Since bringing the initial motion, Mr. Hanks has obtained additional information and therefore withdraws the following statements that were reasonable inferences at the time but have proven to be incorrect: "Thus, Plaintiff's unvetted, illegally captured statements that have been illicitly procured by Opposing counsel must not be a windfall to Defendants. Given the attorney client relationship and the privileges that it commands, discovery disclosure other than by the attorney of record is a fundamental violation of the bedrock principle of the adversarial system and its core constituent of attorney client privilege. *Fisher v. United States,* 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976) (attorney-client privilege encourages and protects full disclosure by clients to their attorneys)."

Finally, Mr. Hanks raised this matter, as set forth in the initial letter to obtain the following:

(1) Requiring Defendants to produce to this Court unconsented illegally captured surveillance audio recordings surreptitiously captured while Mr. Hanks was undertaking off duty employment with the Syracuse Housing Authority on or about April 6, 2022 and where said unconsented illegally captured surveillance was delivered to Defendant Syracuse Police Department on or about the same day; (2) prohibiting Defense counsel from examining and reviewing the unconsented illegally captured digital recordings as the recordings were obtained by Defendants outside the formal channels of discovery and without the examination and consent of Plaintiffs' counsel; (3) providing the Court an opportunity to conduct an in-camera review of recordings to determine the extent to which said recordings contain material that would otherwise be protected by attorney-client privilege;

There is no question that, given the information in Mr. Hank's possession at the time, these goals were not improper. Further, Mr. Hanks accomplished the primary goal of separating the recordings from Defendant SPD. Given the comments by Judge Baxter, Defendant SPD made the correct decision to have the matter investigated by an outside agency. Had Mr. Hanks not raised the issue, he would never have obtained this relief. That Mr. Hanks obtain, at least in part, the relief he sought, validates the process.

Respectfully,

*Jesse Ryder*

Jesse P. Ryder