# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON HANKS, AND OTHER SIMILARLY SITUATED INDIVIDUALS,<br><br>PLAINTIFF,<br><br>vs.<br><br>CITY OF SYRACUSE, KENTON BUCKNER, *IN HIS INDIVIDUAL CAPACITY*; DEPUTY CHIEF RICHARD TRUDELL, *IN HIS INDIVIDUAL CAPACITY*; DEPUTY CHIEF JOSEPH CECILE, *IN HIS INDIVIDUAL CAPACITY*; POLICE OFFICERS, CAPTIAN TIMOTHY GAY, *IN HIS INDIVIDUAL CAPACITY*; COLIN HILLMAN, *IN HIS INDIVIDUAL CAPACITY*; DEREK MCGORK, *IN HIS INDIVIDUAL CAPACITY*; WILLIAM KITTELL, *IN HIS INDIVIDUAL CAPACITY*; ANOTHONY FIORINI, *IN HIS INDIVIDUAL CAPACITY*; DAVID METZ, *IN HIS INDIVIDUAL CAPACITY*; SHAWN HAUCK, *IN HIS INDIVIDUAL CAPACITY*; SUSAN IZZO, *IN HER INDIVIDUAL CAPACITY*; ANN CLARK, *IN HER INDIVIDUAL CAPACITY*; BRANDON FOUGNIER, *IN HIS INDIVIDUAL CAPACITY*; and Does 1-100;<br><br>DEFENDANT(S). | **AFFIDAVIT OF PLAINTIFF BRANDON HANKS**<br><br>**CD: 5:21-cv-00921-GLS-ATB** |

STATE OF NEW YORK    )
COUNTY OF ONONDAGA ) ss.:

I Brandon Hanks being duly sworn deposes and says:

1. My legal name is Brandon Hanks and I am a resident of Onondaga County, residing at ███████████████████████████████████

1

2. I am the plaintiff in this case and I am a Syracuse City Police Officer and I have personal knowledge of the facts stated herein, and if called to testify I could competently testify thereto.

3. The information below includes the content of confidential and privileged attorney-client communications. By providing this information, I do not waive the attorney-client privilege to all matters communicated to my attorneys.

4. On or about August 16, 2021 I filed a complaint against the City of Syracuse and the above-named defendants alleging race-based discrimination and several constitutional violations, including illegal surveillance and retaliation committed against me by the Syracuse Police Department (SPD).

5. In addition to my job as a police officer for the City of Syracuse I also work in the evenings for the Syracuse Housing Authority.

6. I am aware that there is ongoing litigation against the Syracuse Housing Authority (SHA) by an individual named John Baggett, who was also a former City of Syracuse police officer and who also worked at the SHA.

7. To my knowledge, on or about April of 2022, one of the defendants in the ongoing litigation by John Baggett against the SHA is named Rakeim Days and at that time he was being represented by the law firm of Bond, Scheonek and King.

8. On or about April 7, 2022 I was notified by fellow police officer Nikki Hendrix, who also works at the SHA with me, that she recovered a cell phone that was secretly recording in the office of the SHA and that it had been recording for approximately 20 hours at the time it was found.

9. I was working at the SHA on April 5, 2022 and I was in the SHA office during the

early morning hours of April 6, 2022 therefore it is plausible that I have been recorded on the cell phone that was discovered there by Nikki Hendrix.

10. While in the office of the SHA I regularly discuss my pending lawsuit with Nikki Hendrix and with my attorneys by phone and therefore I am of the belief that confidential conversations about my lawsuit are on the cell phone recovered by Nikki Hendrix.

11. At the time I was alerted to the existence of these secret recordings by Nikki Hendrix I was made aware that the phone was turned over to Mark Rusin of the SPD.

12. Once I learned of these recordings and that the SPD was in possession of the cell phone, I immediately contacted my attorneys to alert them to the fact that I had likely been illegally surveilled and SPD was in possession of the cell phone. I also advised my attorneys that the person who is suspected of conducting the illegal surveillance, Mr. Days, at the time, was a client of the Bond Law Firm. I also advised my attorneys that the supervisor of the security department ████████████████████████████████████████████ and that there are other SPD officers working at the SHA that are aware of my pending litigation against the SPD. Therefore, I was and am very concerned that my confidential conversations have been captured and would be shared with the SPD.

13. My attorneys immediately alerted Judge Baxter of these developments and to my knowledge a protective order was requested that would stop the SPD from listening to the recordings. I am aware that since a criminal investigation is pending that Judge Baxter would not issue a protective order, but that he strongly recommended that in order to preserve integrity in this matter the criminal investigation be turned over from the SPD to an independent agency, such as the FBI.

14. To my knowledge, the investigation was turned over to the Onondaga County DA's Office and Mr. Days is to be charged with felony eavesdropping.

15. It is my belief that I have been illegally surveilled and retaliated against by the defendants in my case prior to filing my lawsuit and at the time I was made aware of these illegal recordings in the SHA office I was immediately concerned that the defendants were again surveilling me. I am very grateful to Judge Baxter for strongly recommending that the SPD relinquish control of these illegal recordings.

16. I have read my attorney's letters submitted to the court in support of the request for a protective order. All information provided to the court by my attorneys is based upon my representations to them. As for the Bond Firm's insistence that an allegation was made that these illegal recordings were "illicitly procured *by* Opposing counsel" (emphasis added) is taken out of context and was meant to highlight that the recordings were illicitly procured and are now in possession of the SPD and therefore, conceivably their counsel, who is opposing counsel in my case against the SPD. Therefore, opposing counsel should be restricted from listening to these recordings. It was not meant to be an allegation against the attorneys that they somehow were involved in the crime their then client, Mr. Days, committed. It is further my understanding that Judge Baxter agreed with this statement and strongly recommended to defense counsel that they should not listen to the recordings and neither should their clients.

17. I have become aware now that defense counsel has threatened a motion for sanctions against my attorneys unless they redact their statements made to the court. I have advised my attorneys on all statements made to the court concerning this matter and at the time I was extremely distraught over the idea that the SPD had possession of illegal recordings of me and of my co-worker Nikki Hendrix and I demanded that my attorneys take immediate action.

4

18. Opposing counsel has made a big deal of the actual dates I was in the office of the SHA and they say I purposefully misled my attorneys and they purposely misled the court. At the time I made my attorneys aware of these recordings I was under the belief that I was in the SHA office during the time it was being surveilled. After my attorneys made their initial request to Judge Baxter, I clarified with them that I was there in the early hours of April 6, 2022 and was likely on the recording. I also believe that on April 7, 2022 Nikki Hendrix was working and that we may have had a phone conversation about our cases against the SPD while she was in the SHA office. I also believe that this illegal surveillance has been going on longer that just that one day. Therefore, any allegation that I, or my attorneys, knowingly misled the court over the dates I worked is false. I believe that the SPD is now using this matter to continue their retaliation against me and now against my attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of August, 2022.

Brandon Hanks

5